**Henry H. SONNENBERG, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 266, Docket 25310.

United States Court of Appeals Second Circuit.

Argued April 17, 1959.

Decided May 18, 1959.

I. Herman Sher, New York City (Martin A. Roeder, New York City, on the brief), for plaintiff-appellant.

William Stackpole, Asst. U. S. Atty., S. D. N. Y., New York City (Arthur H. Christy, U. S. Atty., New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

PER CURIAM.

The plaintiff seeks recovery of an alleged overpayment of his 1941 income tax based on a deduction of assets in Germany on the declaration of war between Germany and the United States on December 11, 1941, as expressly authorized by the Revenue Act of 1942, § 156(a), adding § 127(a) to the 1939 I.R.C., 26 U.S.C.A. § 127(a). The court below dismissed his complaint on the ground that he had already lost his interest in the assets. Between 1919 and 1933 he had developed operating companies which were manufacturers of machine tools and dies in Germany; but when he left Germany in 1933 he formed an English company, Barton Machinery Limited, to act as a holding company of his German interests, with the express purpose of concealing his ownership from the German Government. By 1938 he thus controlled four German companies. After 1933 he did not go to Germany or take any part in the official proceedings of the German companies, but was represented by one Lindars, a British subject in whose name the Barton stock was registered, and by Dr. Wirtz, a German lawyer. On September 3, 1939, war was declared between Great Britain and Germany; and thereafter, pursuant to a "Decree concerning the Treatment of Enemy Property" and later decrees and regulations of the German Government, German authorities took over the operation of the German companies controlled by Barton and operated them through an Administrator. The issue here is essentially as to the meaning and effect of these decrees and regulations as applied to the plaintiff's assets.

The dispute is whether the German actions were, as the plaintiff urges, merely custodial to preserve the assets for the real owners or, as defendant asserts, an effective ouster of plaintiff's rights, with the properties eventually to be disposed of for the interest of the German Reich. The court heard extensive testimony by deposition and otherwise, including an expert for either side as to the German law. Thereafter it filed extensive findings of fact and a reasoned opinion holding for the defendant. We are content to accept these findings of fact—including those as to the foreign law—and think the result in line with the statement of L. Hand, J., in Rozenfeld v. C. I. R., 2 Cir., 181 F.2d 388, 390, that "the test is a practical one, and does not depend upon an absolute forfeiture of all legal right." As found, the Barton shares had no market value in 1941; they were not listed on any stock exchange, nor were there outstanding offers for them. While the assets of the companies in Germany had value there, they could not be reached or any effective action taken or control had as to them after the German authorities had assumed possession. Truly only an incorrigible optimist could have expected that Sonnenberg (whose identity was concealed and unknown in Germany) could ever expect to realize anything from these assets in 1941. As the court found, "he had nothing more to lose on" December 11, 1941.

Judgment affirmed.